**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

United Here, Local 1,

Plaintiff,

v.

Ruprecht Company,

Defendant.

Case No. 20-cv-5158

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff United Here, Local 1 sues Defendant Ruprecht Company to compel arbitration of six grievances that Plaintiff's union members filed against Defendant pursuant to a collective bargaining agreement. Defendant denies that the grievances are arbitrable under the agreement's arbitration clause. The parties have now cross-moved for summary judgment [23]; [26]. For the reasons explained below, this Court grants Plaintiff's motion [23] and denies Defendant's motion [26].

I.     **Background**

This Court takes the following facts from Plaintiff's statement of facts [25] and Defendant's corrected statement of facts [29].

A.     **The CBA**

Defendant is a meat processor and food manufacturer. [29] ¶ 2. Plaintiff is a labor organization that represents employees in collective bargaining with employers. *Id.* ¶ 3. Plaintiff represents certain of Defendant's employees. *Id.* ¶ 7.

1

Plaintiff and Defendant were parties to a collective bargaining agreement (CBA) effective July 1, 2016 through July 1, 2020. *Id.* ¶ 6; [29-7]. The CBA contains an arbitration provision which states:

### SECTION 25 – ARBITRATION

Differences of opinion or disputes between representatives of the Employer and any employee or Union Representative regarding interpretation or alleged violation of any provision of this Agreement may become the subject of arbitration only after all steps of the grievance procedure has been utilized within the time periods provided and have failed to produce accord between parties. Arbitration extends to any employee aggrieved.

[29-7] at 16. The CBA also contains a section titled "Adjustment of Grievances" which provides:

### SECTION 26 – ADJUSTMENT OF GRIEVANCES

(a) Any employee having a grievance shall, within not more than one (1) week after the occurrence of the event resulting in the grievance, discuss the matter with the immediate supervisor or department head of the Employer, who will attempt to adjust it within one (1) week thereafter.

(b) If the matter is not satisfactorily resolved in Step (a), the grievance shall within one (1) week be reduced to writing and submitted by a designated representative of the Union to the Employer, which shall submit its answer to the Union, in writing, within one (1) week thereafter.

(c) If the matter remains unsettled one (1) week after the Employer's answer under Step (b) or the Employer fails to answer within the required time, the Local Union may then refer the matter to arbitration by notifying the Employer of such intention in writing no later than thirty (30) days after the Step (b) meeting. The parties shall attempt to agree upon an arbitrator within five (5) working days of the delivery of the request for arbitration. If the parties fail to reach agreement on the selection of an arbitrator within said five (5) day period, the parties shall jointly request the Federal Mediation and Conciliation Service to submit a list of seven (7) names for the consideration of an arbitrator. The parties shall alternately strike one (1) name from the list of the proposed

arbitrators and the last remaining name shall be that of the arbitrator. The arbitrator shall be specifically limited to determining issues involving the interpretation or application of the terms of this Agreement (including the Appendices hereto) and shall have no authority to add to or subtract from or change existing wage rates or any of the other terms of this Agreement. The award of the arbitrator shall be final, binding and conclusive on all parties. All fees and expenses of the arbitrator shall be borne equally by the parties. There will be no right to retroactively seek arbitration over any matter that arose during a time when there was no contract. There is no retroactive right to arbitration. Arbitration will only be allowed for any grievance when the grievance arises after the entire Contract is ratified.

*Id.* at 16–17.

Daniel Abraham, an employee of Plaintiff, provided a deposition in this case. [29] ¶ 22. He testified that he is unaware if Plaintiff ever filed a grievance "where it names itself as the grievant." *Id.* ¶ 26. He also could not provide an example where Plaintiff filed a grievance on behalf of more than one employee. *Id.* ¶ 27.

### B.    The Class Action Grievances

On or around June 30, 2020, the final day of the CBA, Defendant received six class action grievances by mail. [29] ¶ 9. The grievant on each of the six grievances was "All Bargaining Unit Workers." [25] ¶ 7. The six grievances seek redress for violations under various provisions of the CBA, as follows: (1) Grievance Number 20200825 (Section 12) – Failing to provide necessary equipment; (2) Grievance Number 20200827 (Section 16) – Failing to provide union authorization card to new hires; (3) Grievance Number 20200828 (Section 22) – Failure to provide union bulletin board; (4) Grievance Number 20200829 (Section 34) – Improperly subcontracting bargaining unit work; (5) Grievance Number 20200844 (CBA Exhibit

A) – Improperly paying, classifying, and assigning work; and (6) Grievance Number 20200845 (CBA Exhibit A) – Improperly administered breaks.  *Id.* ¶ 8.

On July 8, 2021, Defendant sent correspondence to Plaintiff stating that the grievances were "not valid grievances under the contract language" because the CBA does not allow for the "Union to be the grievant" and "[c]lass action grievances are neither proper nor allowed under the contract."  [29] ¶ 10.  Plaintiff responded to Defendants' denials on the same day, offering to meet with Defendant and advising that if Defendant did not wish to meet, Plaintiff would advance the grievances to arbitration.  [25] ¶ 12.  The next day, July 9, 2020, Defendant responded, stating that Plaintiff had no right to arbitration and that it would not consent to arbitration.  *Id.* ¶ 13.

Plaintiff subsequently brought its complaint and petition to compel arbitration in this Court on September 1, 2020.  [1].  The parties now cross-move for summary judgment.  [23]; [26].

## II.    Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The substantive law controls which facts are material.  *Id.*  After a "properly supported motion for summary judgment is

4

made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 250 (internal quotations omitted).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (internal citation and quotations omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id*. (citation omitted). On cross-motions for summary judgment, the "ordinary standards" remain in effect: this Court construes all facts and inferences in favor of the party against whom the motion under consideration is made. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017).

## III. Analysis

On cross-motions for summary judgment, the parties' dispute boils down to whether the CBA's arbitration clause covers the six class action grievances at issue. As discussed below, this Court concludes that it does.

Generally, questions of arbitrability—that is, whether a CBA creates a duty for the parties to arbitrate a particular grievance—"is undeniably an issue for judicial determination." *Brock Indus. Servs., LLC v. Laborers' Int'l Union of N. Am. Constr. & Gen. Laborers Loc. 100*, 920 F.3d 513, 516 (7th Cir. 2019) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). To make this determination, courts look to the plain meaning of an arbitration provision and "strive to avoid absurd results." *Int'l Bhd. of Elec. Workers, Loc. 21 v. Ill. Bell Tel. Co.*, 491 F.3d 685, 688 (7th Cir. 2007). Where a CBA contains an arbitration clause, a "presumption of arbitrability" attaches such that doubts regarding coverage must be resolve in favor of coverage. *AT & T Techs.*, 475 U.S. at 649; *see also Karl Schmidt Unisia, Inc. v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am., UAW Loc. 2357*, 628 F.3d 909, 913 (7th Cir. 2010). Put another way, courts must construe an arbitration clause in favor of arbitration "unless there is *no possible interpretation* that the arbitration clause covers the asserted dispute." *Teamsters Loc. 673 v. Oberweis Dairy, Inc.*, 969 F. Supp. 2d 986, 990 (N.D. Ill. 2013) (emphasis added) (citing *Int'l Bhd. of Elec. Workers*, 491 F.3d at 687).

Applying these principles, this Court finds arbitration appropriate in this case.

The CBA's arbitration clause provides:

> Differences of opinion or disputes between representatives of the Employer and any employee or Union Representative regarding interpretation or alleged violation of any provision of this Agreement may become the subject of arbitration only after all steps of the grievance procedure has been utilized within the time periods provided and have failed to produce accord between parties. Arbitration extends to any employee aggrieved.

[29-7] at 16. This clause applies broadly to all "disputes" between the employer and any employee regarding an "alleged violation" of the CBA. There is no doubt that the subject matter of the grievances here (e.g., equipment, union bulletin board, authorization cards, etc.) all concern disputes under various CBA provisions. [25] ¶¶ 7, 8. Further, the CBA extends arbitration "to any employee aggrieved." That language certainly allows for grievances on behalf of all employees in the bargaining unit. *Id.* This Court accordingly determines the arbitration clause "susceptible to an interpretation that covers this dispute. Nothing more is required to establish . . . arbitrability." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp.*, 531 F.3d 531, 537 (7th Cir. 2008) (internal quotation marks omitted).

Because the CBA contains an applicable arbitration clause, this Court presumes the arbitrability of the claims. *Karl Schmidt Unisia*, 628 F.3d at 913. To rebut the presumption of arbitrability, Defendant bears the burden to demonstrate either an "express provision excluding [the] grievance from arbitration" or "the most forceful evidence of a purpose to exclude the claim from arbitration." *Id.* (alteration in original) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 585 (1960)); *see also Int'l Union of Operating Engr's, Loc. 150, AFL-CIO v. Roland Mach. Co.*, No. 20-CV-03836, 2021 WL 5299775, at *2 (N.D. Ill. Nov. 15, 2021).

Defendant has not met its burden to rebut the presumption of arbitrability. There exists no express provision excluding the grievances from arbitration. Defendant argues that class action grievances are not arbitrable under the CBA, [38]

7

at 2–4, but the CBA contains no language carving out class action grievances from arbitration. Defendant also argues that the arbitration clause does not permit arbitration of grievances brought by the Plaintiff itself. [38] at 2. This argument fares no better because the grievant on all six grievances at issue is "All Bargaining Unit Employees," not Plaintiff, and the arbitration clause covers disputes between employees and their employer regarding any alleged violation of the CBA. *See* [29-7] at 16.

Defendant also improperly attempts to shift the burden to Plaintiff, arguing that "Local 1 has still not put forth evidence that class action grievances or grievances wherein it is the grievant are arbitrable under the contract." [38] at 2. Because the grievances are presumptively arbitrable, it is *Defendant*'s burden, not Plaintiff's, to produce the "most forceful evidence" rebutting arbitrability. *Karl Schmidt Unisia*, 628 F.3d at 913. Defendant points to the deposition testimony of Plaintiff's representative, Daniel Abraham, who said that he was unaware if Plaintiff ever filed a grievance naming itself as the grievant and that he could not identify an instance where Plaintiff filed a grievance on behalf of more than one employee. [29] ¶¶ 22, 27. As discussed, however, the grievances clearly identify the grievant in these matters as the bargaining unit employees, not the Plaintiff, so whether the Plaintiff ever filed a grievance (itself or on behalf of other employees) before is wholly irrelevant. And in any event, evidence regarding Plaintiff's past grievances is not probative. The mere fact that previous grievances are not like the six grievances at issue—class actions, brought by multiple bargaining unit employees—has no bearing on whether

the six grievances at issue are arbitrable under the terms of the CBA. Defendant has thus fallen short of meeting its burden to rebut the presumption of arbitrability.

Finally, this Court notes that in its motion for summary judgment, Plaintiff signaled that Defendant might attempt to oppose arbitration by stating that the grievances at issue had not been properly exhausted under the terms of the CBA requiring the *employee* with a grievance to "discuss the matter with the immediate supervisor or department head of the Employer." [24] at 8; *see* [29-7] at 16. This contention, Plaintiff argued, is a question concerning procedural arbitrability, which is a matter for the arbitrator, not the Court, to decide. [24] at 8. In its opposition, however, Defendant concedes this point, stating that it "does not dispute that such an argument is procedural and for an arbitrator to decide." [38] at 4; *see also, e.g.*, *Int'l Union of Operating Eng'rs*, 2021 WL 5299775, at *1 (noting that procedural arbitrability questions are presumptively for the arbitrator). Given that the parties agree that this issue presents a question for the arbitrator, this Court need not discuss it further.

In sum, because the grievances here are substantively arbitrable under the CBA, this Court grants summary judgment to Plaintiff and denies summary judgment to Defendant.

## IV.    Conclusion

For the reasons explained above, this Court grants Plaintiff's motion for summary judgment [23], denies Defendant's motion for summary judgment [26], and directs the Clerk to enter judgment in favor of Plaintiff. Civil case terminated.

E N T E R :

Dated: March 7, 2022

_____
MARY M. ROWLAND
United States District Judge